**United States District Court**
For the Northern District of California

**\*E-FILED ON 1/5/07\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re NOVELLUS SYSTEMS, INC. DERIVATIVE LITIGATION | Master File No. C06-03514 RMW (HRL) |
| This Document Relates To: | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL INSPECTION AND PRODUCTION** |
| ALL ACTIONS | [Re: Docket No. 36] |

Presently before this court is plaintiffs' "Motion to Compel Inspection and Production." Defendants opposed the motion. The matter has been fully briefed.[1] The court deems the motion suitable for determination without oral argument and the January 9, 2007 hearing is vacated. See CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court grants the motion in part and denies the motion in part.

This is a shareholders' derivative action[2] based upon allegations that defendants improperly backdated Novellus stock option grants. At a September 8, 2006 case management conference, the District Court ordered defendants to "complete initial disclosures within 21 days." (Kulkarni Decl., Ex. B). Additionally, the court set a January 26, 2007 hearing date on

---

[1] Concurrently with the instant order, the court is issuing an order granting plaintiffs' motion for leave to file a belated reply brief.

[2] The District Court has consolidated two derivative actions currently pending in this district against the nominal defendant, Novellus Systems, Inc., under the Master File No. C06-03514 RMW (HRL).

1  defendants' motion to dismiss and apparently ordered that there would be "[n]o further
2  discovery until after the Court rules on the motion to dismiss." (See id.). To date, there has
3  been no ruling on any dispositive motion.[3]

4  As part of their Fed. R. Civ. P. 26(a) initial disclosures, defendants produced a CD
5  containing documents which, defendants apparently contend, show that the stock option grants
6  mentioned in the complaint were authorized. (See Kulkarni Decl., Ex. A). According to
7  plaintiffs, the CD contains over ten thousand TIF (tagged image file) documents, some of which
8  bear illegible fax lines or show irregularities in Novellus' stock option grants (e.g., as to the
9  dates of signature pages on the purported authorizations). They now move to compel an
10 inspection of the document originals. Plaintiffs also move for an order compelling defendants
11 to make a further production of documents as part of their initial disclosures – namely, "all
12 documents reviewed in the course of their determination that there were no irregularities."
13 (Motion at 3:20-22).

14 Plaintiffs argue that their right to inspect the original documents is grounded in Fed. R.
15 Civ. P. 34. That rule authorizes a party to "serve on any other party a request . . . to inspect and
16 copy, any designated documents . . .." FED.R.CIV.P. 34(a). Defendants maintain that Fed. R.
17 Civ. P. 34 does not apply here because the documents in question were produced as part of their
18 initial disclosures under Fed. R. Civ. P. 26(a), which, they argue, does not confer upon plaintiffs
19 a right of inspection.

20 By its terms, Fed. R. Civ. P. 26(a)(1) requires a party to provide, among other things, "a
21 copy of, or a description by category and location of, all documents, data compilations, and
22 tangible things that are in the possession, custody or control of the party and that the disclosing
23 party may use to support its claims or defenses, unless solely for impeachment." FED.R.CIV.P.
24 26(a)(1)(B). Defendants are correct that the relevant portion of the rule does not expressly
25 provide for the inspection of disclosed documents. Nevertheless, this court sees no reason why

---

[3] The court's docket indicates that plaintiffs filed an amended consolidated complaint on December 8, 2006, and the parties have recently stipulated to continue the hearing on defendants' anticipated motion to dismiss to March 2, 2007. (See Docket Nos. 47 and 50).

2

United States District Court
For the Northern District of California

1    plaintiffs should not be allowed to inspect the originals of an apparent handful of documents
2    which they claim are illegible or show facial irregularities as to signature dates and the like.
3    Fairness would seem to require it.  Permitting an inspection would not violate the District
4    Court's apparent stay of any further discovery pending the resolution of defendants' anticipated
5    motion to dismiss.  Indeed, plaintiffs would only be examining the originals of documents that
6    have already been disclosed.  At any rate, defendants do not show, or even argue, that an
7    inspection would impose an undue burden.  Accordingly, plaintiffs' motion to compel an
8    inspection of the originals of documents provided by defendants in their initial disclosures is
9    GRANTED.

10   However, plaintiffs' motion to compel defendants to produce "all documents reviewed
11   in the course of their determination that there were no irregularities" as part of their initial
12   disclosures is DENIED.  As discussed above, Fed. R. Civ. P. 26 requires a party to disclose only
13   those documents that it "may use to support its claims or defenses . . .."  See FED.R.CIV.P.
14   26(a)(1)(B).  "A party is no longer obligated to disclose witnesses or documents, whether
15   favorable or unfavorable, that it does not intend to use." FED.R.CIV.P. 26(a)(1) Advisory
16   Committee's Note (2000 Amendments).  Plaintiffs argue that the term "use" is to be broadly
17   construed.  Indeed, the Advisory Committee Notes provide:

> "Use" includes any use at a pretrial conference, to support a motion, or at trial.  The disclosure obligation is also triggered by intended use in discovery, apart from use to respond to a discovery request; use of a document to question a witness during a deposition is a common example.  The disclosure obligation attaches both to witnesses and documents a party intends to use and also to witnesses and documents the party intends to use if – in the language of Rule 26(a)(3) – "the need arises."

22   Id..

23   Here, however, defendants represent to the court that, subject to their obligation to
24   supplement their disclosures under Fed.R.Civ.P. 26(e), they have provided those documents
25   which "defendants believe they may use to support their claims or defenses, unless solely for
26   impeachment." (Kulkarni Decl., ¶ 3).  Plaintiffs contend that defendants' initial disclosures are
27   hardly supportive of their claims or defenses.  Further, they express incredulity that the current
28   production is all that defendants believe that they will "use."  As such, they argue that

3

1  defendants must now be compelled to produce, as part of their initial disclosures, "all
2  documents reviewed in the course of their determination that there were no irregularities."  In
3  essence, plaintiffs' motion is based upon their contention that defendants will be unable to
4  successfully defend this lawsuit with the documents provided in their initial disclosures.
5  Suffice to say that each side will have an opportunity to present its arguments as to the evidence
6  at the appropriate time; and, the decision as to what is to be disclosed under Fed. R. Civ. P.
7  26(a) is not without risk.  See FED.R.CIV.P. 26(a)(1) Advisory Committee's Note (2000
8  Amendments) ("The obligation to disclose information the party may use connects directly to
9  the exclusion sanction of Rule 37(c)(1)").  Nevertheless, this court finds no grounds to compel
10 defendants to produce any further documents in connection with their initial disclosures; and, as
11 noted above, formal discovery apparently has been stayed by the District Court pending
12 resolution of defendants' anticipated motion to dismiss.

13       Based on the foregoing, IT IS ORDERED THAT plaintiff's motion to compel is
14 GRANTED IN PART AND DENIED IN PART as follows:

15       1.      Plaintiffs' motion to compel an inspection of the original documents comprising
16 defendants' initial disclosures is GRANTED.  The inspection shall occur at a date and time
17 mutually agreeable to all parties and shall, in any event, take place **no later than January 31,**
18 **2007**.

19       2.      Plaintiffs' motion to compel defendants to produce additional documents in
20 support of their initial disclosures is DENIED.

21 Dated:   January 5, 2007

22
23                                              HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

4

**5:06-cv-3514 Notice will be electronically mailed to:**

Francis A. Bottini , Jr bottini@whafh.com

Travis E. Downs , III travisd@lerachlaw.com, e_file_sd@lerachlaw.com

Francis M. Gregorek gregorek@whafh.com

Sunil R. Kulkarni skulkarni@mofo.com, msousa@mofo.com

William S. Lerach e_file_sf@lerachlaw.com

Betsy C. Manifold manifold@whafh.com

Maria V. Morris mariam@lerachlaw.com, e_file_sf@lerachlaw.com

Rachele R. Rickert rickert@whafh.com

Shawn A. Williams shawnw@lerachlaw.com, e_file_sd@lerachlaw.com; e_file_sf@lerachlaw.com; AelishB@lerachlaw.com; MoniqueW@lerachlaw.com; TravisD@lerachlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.